# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEXIDINE, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>ONYX ENTERPRISES INT'L CORP. d/b/a CARID.COM,<br><br>　　　Defendant. | ECF Case<br><br>Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Lexidine, LLC (hereinafter, "Plaintiff" or "Lexidine") files this Original Complaint for Patent Infringement against Defendant Onyx Enterprises International Corporation d/b/a CARiD.com (hereinafter, "Onyx" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following patent (the "Patent-in-Suit"), which was duly and legally issued by the United States Patent and Trademark Office (hereinafter, the "USPTO"), a copy of which is attached hereto as **Exhibit A**.

| | Patent No. | Title |
|---|---|---|
| A. | 7,609,961 | VEHICLE CAMERA |

2. The Patent-in-Suit traces its priority date back to Application No. 11/401,405 (hereinafter, "the '405 Application"), which was filed with the USPTO on April 11, 2006, and was issued on October 27, 2009.

3. Plaintiff is the owner of the Patent-in-Suit and possesses all right, title and interest in the Patent-in-Suit, including the right to enforce the Patent-in-Suit, the right to license the Patent-in-Suit, and the right to sue Defendant for infringement and recover past damages. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

4. Lexidine is a limited liability company organized and existing under the laws of the State of Oklahoma and maintains its principal place of business at 5924 SW 12th St., Suite 7201, Oklahoma City, Oklahoma 73128 (Oklahoma County).

5. According to public information, Onyx is a corporation duly organized and existing under the laws of New Jersey since 2008.

6. According to public information, Onyx is registered with the New Jersey Secretary of State as an "active" entity with the right to transact business in New Jersey under the name "Onyx Enterprises International Corporation."

7. According to public information, has its principal place of business at 1 Corporate Drive, Cranbury, New Jersey 08512.

8. Upon information and belief, Defendant ships, distributes, makes, uses, offers for sale, sells, and/or advertises OEM Fit 3rd Brake Light Cameras, with such cameras including, but not limited to, model numbers 1584237628 (**Exhibit B**, attached), MPN4476119628 (**Exhibit C**, attached), MPN4652722565 (**Exhibit D**, attached), MPN4476119649 (**Exhibit E**, attached), MPN2709227803 (**Exhibit F**, attached), MPN474094617 (**Exhibit G**, attached), MPN1775852921 (**Exhibit H**, attached), MPN474094618 (**Exhibit I**, attached), MPN4487530264 (**Exhibit J**, attached), all products incorporating model number RVS-917, including, but not limited to model numbers MPN4645747005 and MPN4476119652 (**Exhibit K**, attached), item

numbers sp175221 (**Exhibit L**, attached), and sp185511 (**Exhibit M**, attached) (the "Brake Light Cameras").

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of New Jersey and in the District of New Jersey; Defendant has purposefully availed itself of the privileges of conducting business in the State of New Jersey and in the District of New Jersey; Defendant has sought protection and benefit from the laws of the State of New Jersey; Defendant regularly conducts business within the State of New Jersey and within the District of New Jersey (as well as throughout the United States), and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of New Jersey and in the District of New Jersey.

11. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of New Jersey, and the District of New Jersey. Defendant has committed patent infringement in the State of New Jersey and in the District of New Jersey. Defendant solicits customers in the State of New Jersey and in the District of New Jersey. Defendant has many paying customers who are residents of the State of New Jersey and the District of New Jersey and who use Defendant's products in the State of New Jersey and in the District of New Jersey.

12. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1400(b) because Onyx is organized in this district, and, upon information and belief, has committed acts of infringement in this district.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Onyx is organized in this district.

## BACKGROUND INFORMATION

14. Lexidine is 100% owned by the inventor of the Patent-in-Suit, Mr. Eric Park. Mr. Park is a visionary inventor of consumer safety related products and has patented many of his inventions. He has worked on many vehicle safety projects such as lane departure detection, heads up displays (HUD), headrest displays, rearview navigation, in-car entertainment systems, rearview camera and backup safety solutions, among others. Mr. Park has invested a great deal of time and money to develop and legally protect Lexidine's innovations, and he believes those who find value incorporating these proprietary technologies into their products and services should obtain a proper license.

15. The Patent-in-Suit was duly and legally issued by the USPTO after full and fair examinations. Plaintiff is the owner of the Patent-in-Suit, and possesses all right, title and interest in the Patent-in-Suit including the right to enforce the Patent-in-Suit, the right to license the Patent-in-Suit, and the right to sue Defendant for infringement and recover past damages.

16. Defendant sells, advertises, offers for sale, uses, or otherwise provides the Brake Light Cameras (collectively, the "Accused Products"). Representative images of the Accused Products are attached as **Exs. B** to **M** (offers for sale of Brake Light Cameras from publicly-available websites).

17. According to public information, Defendant owns, operates, advertises, and/or controls the website www.carid.com, through which Defendant advertises, sells, offers to sell,

provides and/or educates customers about the Accused Products. Evidence obtained from Defendant's website regarding these products is provided in **Exs. B** to **M** (representative Brake Light Cameras).

18. Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

19. Plaintiff does not sell, offer to sell, make, or use any products itself, so it does not have any obligation to mark any of its own products under 35 U.S.C. § 287.

20. Each of Lexidine's licensees are contractually-obligated to comply with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

21. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,609,961

22. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

23. United States Patent No. 7,609,961 (hereinafter, the "'961 Patent") was duly and legally issued by the USPTO on October 27, 2009 to its inventor, Eric S. Park. The '961 Patent was later assigned by Eric Park to Lexidine LLC, with filing number 512619107, on May 30, 2017. Following that, the '961 Patent was assigned from Lexidine LLC, with filing number 512619107, to Eric Park on May 18, 2018. Subsequent to that, the '961 Patent was assigned by Eric Park to Lexidine LLC, with filing number 3512681526, on March 20, 2019.

24. The '961 Patent was issued after full and fair examination of the '405 Application which was filed with the USPTO on April 11, 2006.

25. Defendant has infringed and continues to infringe the '961 Patent either literally or under the doctrine of equivalents through the manufacture and sale of infringing products. More specifically, Defendant has infringed and continues to infringe one or more claims of the '961

Patent, including at least Claim 1 (the "'961 Patent Claims") because it ships distributes, makes, uses, imports, offers for sale, sells, and/or advertises the Accused Products. Specifically, Defendant's Accused Products infringe the '961 Patent Claims by providing to its customers a vehicle camera that includes a vehicle lens for an external third brake light that has a translucent red vehicle lens that allows light transmission (functioning to provide a red warning light for stopping and slowing down). *See, e.g.,* **Exs. B** to **M**. The Accused Products have an opening in the vehicle lens (allowing the camera lens to protrude through the vehicle lens or be placed outside the vehicle lens) with the camera lens within the vehicle lens and having a viewing axis through the opening. *Id.* The Accused Products also include a base attached to the vehicle lens where the viewing axis is at an angle of between about 15 to 75 degrees with respect a plane of that base, as claimed in the '961 Patent Claims. *Id.* Defendant's Accused Products are available for sale on publicly available websites. *See* **Exs. B** to **M**.

26. Defendant has intentionally induced and continues to induce infringement of the '961 Patent Claims in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers to use the Accused Products in an infringing manner. Despite knowledge of the '961 Patent as early as the date of service of the Original Complaint in this action, Defendant continues to encourage, instruct, enable, and otherwise cause its customers to use its systems and methods, in a manner which infringes the '961 Patent claims. Defendant's source of revenue and business focus is the provision of and sale of the Accused Products, among other products. Defendant has specifically intended its customers to use its systems in such a way that infringes the '961 Patent by, at a minimum, providing and supporting the Accused Products and instructing its customers on how to use them in an infringing manner, at least through information available

on Defendant's websites including information brochures, promotional material, and contact information. *See* **Exs. B** to **M**. Defendant knew that its actions, including, but not limited to any of the aforementioned systems and methods, would induce, have induced, and will continue to induce infringement by its customers by continuing to sell, support, and instruct its customers on using the Accused Products. *Id.*

27. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

28. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Defendant's infringement of Plaintiff's rights under the '961 Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

30. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

31. Plaintiff respectfully requests the following relief:

    A. An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

    B. An adjudication that Defendant has induced infringement of one or more claims of the Patent-in-Suit;

C. An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patent-in-Suit;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deems just and proper.

Dated: January 20, 2021

/s/ Taylor C. Bartlett
Taylor C. Bartlett, N.J. Bar No. 142752015
**HENINGER GARRISON DAVIS, LLC**
5 Penn Plaza, 23rd Floor
New York, NY 10001
Telephone: (205) 326-3336
Facsimile: (205) 380-8085
Email: taylor@hgdlawfirm.com

*Attorney for Plaintiff*
*Lexidine, LLC*

*Of Counsel*
James F. McDonough, III (Bar No. 117088, GA)
Jonathan R. Miller (Bar No. 507179, GA)
**HENINGER GARRISON DAVIS, LLC**
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, -0863
Facsimile: (205) 547-5502, -5506
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com

## **LIST OF EXHIBITS**

A. U.S. Patent No. 7,609,961

B. Offer for Sale of Onyx's #1584237628 – Rear View Safety Third Brake Light Mount Rear View Camera Model

C. Offer for Sale of Onyx's MPN4476119628 – Rear View Safety RVS-921 Third Brake Light Mount Rear View Camera Model

D. Offer for Sale of Onyx's MPN4652722565 – Rostra Third Brake Light Camera Model

E. Offer for Sale of Onyx's MPN4476119649 – Rear View Safety RVS-913 Third Brake Light Mount Rear View Camera Model

F. Offer for Sale of Onyx's MPN2709227803 – Brandmotion FLTW-7620 Third Brake Light Mount Rear View Camera with Night Vision Model

G. Offer for Sale of Onyx's MPN474094617 – Brandmotion 9002-7607 Third Brake Light Mount Rear View Camera Model

H. Offer for Sale of Onyx's MPN1775852921 – BOYO VTS40 Third Brake Light Mount Rear View Camera Model

I. Offer for Sale of Onyx's MPN474094618 – Brandmotion 9002-7608 Third Brake Light Mount Rear View Camera with Night Vision Model

J. Offer for Sale of Onyx's MPN4487530264 – Brandmotion FLTW-7626 Third Brake Light Mount Rear View Camera Model

K. Offer for Sale of Onyx's Products Incorporating Model Number RVS-917, Including, but not Limited to Model Number MPN4476119652

L. Offer for Sale of Onyx's Item Number sp 175221 – Echomaster-Third Brake Light Camera Model

M. Offer for Sale of Onyx's Item Number sp 185511 – Rostra-Third Brake Light Camera Model